

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# Fasanya v. Allstate Indemnity

Precedential or Non-Precedential:

Docket 1-1522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Fasanya v. Allstate Indemnity" (2002). *2002 Decisions.* Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1522
_____

PETER FASANYA,

Appellant

v.

ALLSTATE INDEMNITY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge:  The Honorable Louis C. Bechtle
(Civil Action No. 00-cv-02068)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2002

Before:  RENDELL, FUENTES, and MAGILL, Circuit Judges.

(Opinion Filed: January 29, 2002)
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

Plaintiff Peter Fasanya commenced this action against defendant Allstate Indemnity Company ("Allstate") under 42 Pa.C.S. 8371 alleging bad faith denial of insurance coverage. The defendant responded that it had a reasonable basis for its coverage decision, namely, that Fasanya's policy had lapsed because he had failed to pay his premiums. Both parties filed summary judgment motions, and, on December 28, 2000, the District Court granted Allstate's summary judgment motion and denied all other pending motions as moot. Plaintiff appeals.

Because we agree with the District Court that no genuine issue of material fact exists and that Allstate was entitled to judgement as a matter of law, we will affirm.

I.

Since the facts of this case are well known to the parties, we state them only in summary. Fasanya purchased an automobile insurance policy from Allstate sometime before May 2, 1998. On May 13, Allstate sent a bill to Fasanya requesting a minimum payment of $161.09. When no payment was received, Allstate sent Fasanya an Automobile Cancellation Notice for Non-Payment of Premium dated June 12, 1998. The notice stated that the minimum amount due was now $327.18 and that Allstate would cancel the policy if it did not receive that amount by 12:01 a.m. on July 2, 1998.

On July 1, 1998, Fasanya's wife mailed $200.000 along with the payment stub from the cancellation notice to Allstate. This was $127.18 less than the minimum amount due. Allstate received the payment on July 3, and then, on the same day, sent an Automobile Insurance Special Notice to Fasanya, which stated:

Please be advised that your cancellation effective date is/was 12:01 a.m. on July 2, 1998. Your payment of $200.00 was received on July 3, 1998. This amount has been applied to your policy; however, as of the date of this notice, we still have not received the full minimum amount due. Please note that the Cancellation Notice previously sent to you on June 12, 1998 will be enforced unless the full Minimum Amount Due is received on or before July 2, 1998. In order to avoid having your policy cancel, we must

receive an additional payment of $132.18 before 12:01 a.m. on July 2, 1998.  Otherwise, your policy will terminate according to the Cancellation Notice we previously sent you.  The amount due includes a payment fee of $5.00.  If you have any questions, please contact your agent.

Plaintiff received the Special Notice on July 7.

On July 11, Fasanya was involved in an automobile accident.  On July 13, he mailed the remaining payment of $132.18, which Allstate received on July 16.  On July 23, Fasanya notified Allstate of the accident.  Allstate denied coverage on Fasanya's claim, informing him that his policy had lapsed from July 2, 1998 until July 16, 1998. Allstate claims that it had sent an Automobile Policy Reinstatement Notice to Fasanya on July 16, indicating that his policy had experienced the above-described lapse in coverage. Fasanya, however, claims that Allstate failed to provide him with a notice of reinstatement.  Fasanya also alleges that, during a telephone call on July 30, 1999, Esther Egbert, an Allstate adjuster, informed Fasanya's counsel that the Fasanya policy had not lapsed once during its entire term from November 1997 through March 1999. Fasanya's counsel conceded, however, that Egbert subsequently connected him to another Allstate employee who reiterated that the policy had lapsed.

## II.

We have appellate jurisdiction over this matter pursuant to 28 U.S.C. 1291.  Our review of a district court's grant or denial of a motion for summary judgment is plenary. See Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999).  The general standard that we apply is the same as that employed by the district court under Federal Rule of Civil Procedure 56(c).  See Kelley v. TYK Refractories Co., 860 F.2d 1188, 1192 (3d Cir. 1988).  Accordingly, a district court's grant of summary judgement will be deemed proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In reviewing the record, we are required "to view inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion, and to take

the non-movant's allegations as true whenever these allegations conflict with those of the movant."  Bartnicki v. Vopper, 200 F.3d 109, 114 (3d Cir. 1999).

                                    III.
     To state a claim for bad faith denial of insurance coverage under Pennsylvania law, a plaintiff must prove by clear and convincing evidence that his insurer (1) lacked a reasonable basis for denying coverage, and (2) knew or recklessly disregarded its lack of a reasonable basis.  See Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999) appeal denied, Goodman v. Durham, 759 A.2d 387 (Pa. June 29, 2000).  We conclude that Allstate had a reasonable basis for denying Fasanya's claim and, thus, agree with the District Court's finding that Allstate is entitled to judgment as a matter of law.
     The undisputed facts show that Allstate sent a cancellation notice on June 13, 1998, that Fasanya failed to pay the minimum amount due by July 2, 1998, and that Allstate did not receive the remaining portion of the minimum payment until July 16, 1998.  Accordingly, there was a lapse in coverage from July 2, 1998 to July 16, 1998. Fasanya seeks coverage benefits from Allstate for an accident that took place on July 11, 1998.  Since the policy was not in effect on the date of the accident, we conclude that Allstate had a reasonable basis for denying coverage.
     Fasanya argues that his insurance policy should not be deemed to have lapsed because Allstate took actions which led Fasanya reasonably to expect continued coverage. More specifically, he contends that the language of Allstate's Special Notice created a reasonable expectation of uninterrupted coverage.  We disagree.  The first line of the Special Notice reads, "Please be advised that your cancellation is/was 12:01 a.m. on July 2, 1998."  The notice further states, "In order to avoid having your policy cancel, we must receive an additional payment of $132.18 before 12:01 a.m. on July 2, 1998."  While we recognize that the Special Notice was sent a day after the cancellation date, we find that it unambiguously informed Fasanya (in accordance with the Cancellation Notice dated June 12, 1998) that his policy lapsed on July 2, and that, absent full payment of the minimum amount due, his policy would remain cancelled.

We have carefully considered Fasanya's remaining arguments in this appeal and conclude that they lack merit.

IV.

For the reasons stated above and in the District Court's thorough and well-reasoned opinion, we will affirm the Judgement of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/Julio M. Fuentes
Circuit Judge